Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1713 | **DATE** | April 20, 2012 |
| **CASE TITLE** | Malcolm X. Blakemore (K-59411) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3]. Trust fund officials at Plaintiff's place of confinement are authorized to make deductions from his account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Lawrence Correctional Center. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint in accordance with this order by May 23, 2012. The clerk shall send Plaintiff an amended civil rights complaint form, along with a copy of this order. Plaintiff's failure to comply with this order will result in summary dismissal of this case. His motion for the appointment of counsel [4] is denied without prejudice to renewal.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Malcolm Blakemore, who is incarcerated at Lawrence Correctional Center, has filed this 42 U.S.C. § 1983 action naming Sheriff Tom Dart as Defendant. Plaintiff alleges that on March 18, 2011, the bus transporting him back to Cook County Jail was hit by a bus leaving the facility. Plaintiff, who was asleep and handcuffed, was thrown to the floor and injured his neck, shoulder, and back. Plaintiff states that he complained to the transporting officer, who instructed Plaintiff to tell the officer at his unit. He then asked an officer in his unit to report the incident, but Plaintiff was never able to file a report. Plaintiff avers that he then filed a grievance to report the incident but never received a response, and that he requested medical attention but did not receive adequate care. He contends that he is still having "issues" with his back, neck, and shoulder.

     Plaintiff's motion to proceed *in forma pauperis* indicates that he is unable to pre-pay the $350 filing fee. The Court grants his motion and assesses an initial partial filing fee of $17.70. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to deduct the initial partial filing fee from Plaintiff's trust fund account and send it to the Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this suit. Plaintiff shall remain responsible for the filing fee, and Lawrence authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

     Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed, as it is unclear what claims he seeks to raise and whom he seeks to sue. Though Plaintiff has sued Sheriff Dart, there is no indication that Dart was personally involved. Dart cannot be held liable simply as the supervisor of one who commits a tort, but instead, must have had "personal involvement in the alleged constitutional deprivation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). If Plaintiff named Dart in order to identify officers whose names Plaintiff does not know, he may do so, but he must indicate which officers he seeks to sue (even if he can now identify to them only as John or Jane Doe) and why.

## STATEMENT

In addition, Plaintiff must clarify what claims he seeks to raise. To satisfy the notice pleading requirement of Fed. R. Civ. P. 8(a), Plaintiff must provide sufficient information to give the Court and the Defendants notice of what claims he asserts and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint must also state at least a "plausible claim for relief" and must allege facts that raise Plaintiff's right to relief above a mere speculative level. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A liberal construction of Plaintiff's complaint indicates that he seeks to assert three possible claims – a claim against the officers driving the vehicles, a claim that Plaintiff was unable to report the accident, and a claim that he was unable to receive adequate medical treatment for his injuries. Plaintiff's allegations, however, either do not raise a constitutional issue to support a § 1983 action or are insufficiently alleged to give adequate notice under Rule 8(a). The instant suit is a federal civil rights one governed by § 1983, which requires Plaintiff to prove a constitutional violation by a state actor. *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007).

With respect to a claim against the drivers of the two vehicles, Plaintiff's allegations indicate, at most, negligence. Negligence by correctional officers does not amount to a constitutional violation; Plaintiff must be able to demonstrate that rhw officers acted with deliberate indifference. *Id.*; *see also Rosario v. Brawn*, 670 F.3d 816, 821-22 (7th Cir. 2012). Deliberate indifference in the context of an automobile accident generally requires actions amounting to criminal recklessness, i.e., that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). Such behavior cannot be inferred from Plaintiff's allegations.

If Plaintiff seeks to allege that he was denied the ability to report the accident, his claim does not state a constitutional issue. The Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772–73 (7th Cir. 2008). Plaintiff's inability to file a report or grievance about the accident thus states no valid § 1983 claim.

Lastly, Plaintiff's contentions that he suffered neck, shoulder, and back pain but received inadequate medical treatment while he was incarcerated at the jail do not sufficiently give notice of a claim. His complaint focuses mainly on the accident and his inability to report or file a claim about it. As to a claim of deliberate indifference to medical needs, Plaintiff states only that he suffered pain in his neck, shoulder, and back, that "he put in for health care," but that he "was never treated properly." (Compl. at 6.) These allegations provide no information about the nature of his injury, whether he saw medical personnel at the jail, or the type of treatment he received. "'[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citation omitted). Considering that Plaintiff was only at the Jail for another six weeks after the accident, his contention that treatment for his pain was inadequate suggests no deliberate indifference. Nor does Plaintiff's description of his condition only as involving "issues" plausibly suggest a serious medical need that went untreated. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 829 (7th Cir. 2009) (while delays in treating painful medical conditions, even if not life-threatening, may support a constitutional claim of deliberate indifference, delays with treating only minor pains do not).

For the reasons stated above, the Court dismisses the complaint without prejudice. To proceed with this case, Plaintiff must submit an amended complaint (1) that either states how Tom Dart was personally involved or that names as Defendants the individuals who were personally involved and (2) that provides sufficient information about a valid constitutional claim to support a § 1983 action. Plaintiff is given 30 days from the date of this order to submit such an amended complaint. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and Defendants in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form, along with a copy for the judge and a service copy for each named Defendant, to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies

| STATEMENT |
|---|
| of an amended complaint form if needed to provide the Court with a sufficient number of copies.  Plaintiff's failure to comply with this order will result in summary dismissal of this case.<br>   Plaintiff's motion for the appointment of counsel is denied without prejudice to renewal.  Neither the issues nor the discovery of this case are complex, and he appears to be competent to represent himself at this stage of the proceedings.  Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007). |