# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1713 | **DATE** | February 11, 2013 |
| **CASE TITLE** |  | Malcolm X. Blakemore (K-59411) vs. Tom Dart | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his recently filed amended complaint [34] against Cook County Jail Unit Officer W. Collins (#2744 or #2794). The other Defendants, except for Tom Dart, are dismissed. The clerk shall issue summons for service of the amended complaint [34] on Officer W. Collins. The Marshal is appointed to serve summons on Officer W. Collins as provided in this order.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Malcolm Blakemore, who incarcerated at the Lawrence Correctional Center, has filed an amended complaint in accordance with the Court's June 5, 2012, order. Plaintiff alleges that on March 18, 2011, the bus transporting him back to Cook County Jail was hit by another bus leaving the facility. Plaintiff, who was asleep and handcuffed, was thrown to the floor and injured his neck, shoulder, and back. Plaintiff states that he complained to the transporting officers, who instructed Plaintiff to tell the officer at his unit.

Plaintiff has now learned the name of the unit officer, W. Collins. Plaintiff says that he complained to Collins about his neck, shoulder, and back on the day of the accident. He says that Collins replied that he would obtain medical attention for Plaintiff but then never actually did so. Plaintiff states that he complained, to no avail, every day between the accident and his transfer several weeks later to Stateville Correctional Center. Plaintiff allegedly got pain medication from other inmates and stayed in his cell much of the time due to pain.

The Court has reviewed the amended complaint as required by 28 U.S.C. § 1915A and finds that Plaintiff states a colorable claim against Collins for deliberate indifference to a serious medical need. *See Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ignoring an inmate's complaints of pain can constitute deliberate indifference to a serious medical need). The other listed Defendants, unknown officers who referred Plaintiff to his unit officer and who at most ignored only Plaintiff's initial complaint of pain, are dismissed. *Greeno*, 414 F.3d at 656 (no deliberate indifference claim existed for officer who investigated an inmate's complaints of pain and referred him to medical personnel who could better address his complaints). The Court declines to dismiss plaintiff's claims against Sheriff Tom Dart, who may be liable for indemnification of Collins pursuant to 745 ILCS 10/9-102, or by way of *respondeat superior* for any related claims under state law that are implied in Plaintiff's amended complaint.

The Clerk is directed to issue summons for service of the amended complaint on Officer W. Collins. The U.S. Marshal shall serve Cook County Jail Unit Officer W. Collins with summons and the amended complaint. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to complete and return the forms to the Marshal may result in the dismissal of his claims. The Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to

**STATEMENT**

mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.

     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.