IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Malcolm X. Blakemore (00610220), | ) | |
| Plaintiff, | ) | Case No: 12 C 1713 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Sheila Finnegan |
| Tom Dart, et al., | ) | |
| Defendants. | ) | |

## WRITTEN OPINION

Currently before the Court are a motion to dismiss filed by five of the seven Defendants in this case [72] and a letter request by Plaintiff seeking an extension of time to respond to the motion and recruitment of counsel to assist in responding to it [86]. For reasons discussed below, the Court grants Plaintiff's request for additional time and extends the due date for his response to the motion to May 9, 2014. Defendants' reply is due May 23, 2014. The court denies without prejudice Plaintiff's request for an attorney, and provides information about the issues raised in the motion to dismiss that may assist Plaintiff in preparing his response.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 in March 2012, naming Sheriff Tom Dart as Defendant. Plaintiff alleged that on March 18, 2011, the bus transporting him back to Cook County Jail was hit by a bus leaving the facility. Plaintiff, who was asleep and handcuffed, was thrown to the floor and injured his neck, shoulder, and back. Plaintiff alleged that he complained to the transporting officer, who instructed Plaintiff to tell the officer at his unit. He then asked an officer in his unit to report the incident, but Plaintiff was never able to file a report. Plaintiff alleged that he filed a grievance to report the incident but never received a response, and that he requested medical attention but did not receive adequate care prior to being shipped to a different facility six weeks later. Finally, Plaintiff alleged that he was still having "issues" with his back, neck, and shoulder. (Doc. 1).

In an order entered on April 20, 2012, the district judge dismissed the complaint without prejudice but allowed Plaintiff to file an amended complaint and provided guidance concerning the potential claims and necessary factual allegations. (Doc. 6). Among other things, the order stated that Plaintiff needed to submit an amended complaint that "either states how Tom Dart was personally involved or that names as Defendants the individuals who were personally involved." (*Id.*).

On May 22, 2012, Plaintiff submitted an amended complaint that named Sheriff Dart in his official capacity and four John Doe officers. (Doc. 9). Plaintiff alleged that John Doe 1 was the transporting officer to whom he complained immediately after the accident, while John Doe 2 was the driver of his bus. Plaintiff alleged that he asked both to send him to Cermak for medical care following the accident. They told him to let the officer know when he returned to the unit. While waiting in the bull pen to be transported to his division, Plaintiff tried to speak to John Doe 3 (a lieutenant) but he likewise told Plaintiff to report the incident to the unit officer. When Plaintiff returned to the unit, he immediately told John Doe 4 (his unit officer) that he needed medical attention. The unit officer told him to "lock up and they would get to me" but no one did. (*Id.*). Plaintiff alleged that he "complained everyday to whomever I could" but got no results, so he obtained pain killers from inmates off the unit. Plaintiff then filed a grievance and put in for health care several times but never received proper care. Plaintiff noted in his amended complaint that he did not know actual names of the officers but was "being as descriptive as possible." (*Id.*).

On June 5, 2012, the district judge allowed Plaintiff to proceed with the amended complaint and requested the U.S. Marshal to serve Sheriff Dart. (Doc. 11). In this order, the court also stated: "Once an attorney enters an appearance for Dart, Plaintiff should forward discovery to the attorney to learn the name of the unit officer of his division at Cook County Jail and either submit another amended complaint or a motion to substitute in accordance with this order. The other John Doe Defendants are dismissed." The reason for their dismissal was that the other John Doe Defendants (other than the unit officer) were alleged to have "referred Plaintiff to his unit officer" and "at most ignored only Plaintiff's initial complaint of pain." (*Id.*). *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (no deliberate indifference claim existed for an officer who investigated an inmate's complaints of pain and referred him to personnel who could better address those complaints).

On July 2, 2012, attorneys filed appearances for Sheriff Dart, (Doc. 15, 16), and sought an extension of time, until August 31, 2012, to answer or otherwise plead. (Doc. 17). The answer was then filed on August 31, 2012. (Doc. 24). On October 29, 2012, Plaintiff participated by telephone in a status hearing before the district judge. The judge noted in his order that day that Plaintiff "has now received the documents produced by defendant that should permit him to identify the individual who plaintiff claims refused him medical attention. Plaintiff has leave to file amended complaint, naming an additional defendant, by 12/10/12." (Doc. 30).

The district judge held another status hearing on September 5, 2012, with Plaintiff once again participating by phone. (Doc. 25). Defendants claim in their pending motion to dismiss that during the hearing, the court ordered Defendants to produce documents responsive to Plaintiff's oral and written discovery requests. (Doc. 72, at 4 of 9). Defendants further claim in their motion that on this same date, Assistant State's Attorney Kevin Mueller mailed to Plaintiff the "Officer's Living Unit Logs" for the specific living unit in which Plaintiff was housed at Cook County Jail on the day of the accident, March 18, 2011. As evidence of this, Defendants have provided as an exhibit to the motion to dismiss a letter from Mueller to Plaintiff dated September 5, 2012 stating:

> Per our status call this morning with Judge Kennelly, to assist you in attempting to identify the particular unit officer at Cook County Jail that you reference in your complaint, enclosed please find documents bates-labeled SAO 001 - SAO 004, which are Officer's Living Unit Logs for the specific living unit (DB) in which you were housed at Cook County Jail on the day of the accident, March 18, 2011.

(Doc. 72-1, at 2 of 3). Defendants claim in their motion that these documents provided "the names and badge numbers of the Correctional Officers that were assigned to and working within the tier, so as to provide the Plaintiff with the necessary information to identify and name proper[ly] Defendants and/or witnesses to the alleged incident." (Doc. 72, at 4 of 9).[1] They also argue that the logs were the only records that Plaintiff requested in his effort to identify potential witnesses despite numerous status phone calls with Judge Kennelly and correspondence between Plaintiff and counsel for Defendants. (*Id.* at 5 of 9).

On December 19, 2012, Judge Kennelly held another status hearing during which Plaintiff indicated that he "continues to be in segregation and does not have access to legal papers that he had prior to being place[d] in segregation." (Doc. 32). The court directed the clerk to mail Plaintiff an amended complaint form and stated: "The time for plaintiff to file an amended complaint, naming an additional defendant or defendants, is extended to 1/19/13." (*Id.*).

On January 25, 2013, the court received the second amended complaint, which named Sheriff Dart and "W. Collins - (unit officer)" as Defendants along with nine other individuals who were not identified by name. (Doc. 34). One such Defendant was described as "Division (II) medical unit (CCJ)," while the others were identified as John or Jane Does 1 through 8 and described as deputy sheriffs in the Cook County Jail. (*Id.*). According to the complaint, the new John/Jane Doe Defendants were unit officers to whom Plaintiff had reported his need for medical care on a particular day and shift: John/Jane Doe 1 (3/19/11; first shift); John/Jane Doe 2 (3/19/11; second shift); John/Jane Doe 3 (3/20/11; first shift); John/Jane Doe 4 (3/20/11; second shift); John/Jane Doe 5 (3/21/11; first shift); John/Jane Doe 6 (3/21/11; second shift); John/Jane Doe 7 (3/22/11; first shift); John/Jane Doe 8 (3/22/11; second shift). Plaintiff also alleged that he sent a "request slip" to the Division (II) medical unit "several times." (*Id.*). Again, Plaintiff noted that he had "used John/Jane Doe for the names I don't know but I was descriptive as possible." (*Id.*).

In an order dated February 11, 2013, the district judge allowed Plaintiff to proceed with the recently filed amended complaint against Unit Officer W. Collins and Sheriff Dart, but dismissed the other Defendants. (Doc. 36) ("The other listed Defendants, unknown officers who referred Plaintiff to his unit officer and who at most ignored only Plaintiff's initial complaint of pain, are dismissed."). During an April 16, 2013 status hearing, the court stated that "[b]oth sides are free to serve discovery requests on the opposite party and on third parties," and granted Defendants leave to depose Plaintiff, who remained in custody. (Doc. 45).

---

[1] Defendants' exhibit does not include the four bate-stamped logs referenced in the letter so the Court does not know whether any of the new Defendants are identified within those logs.

Following another status hearing on June 26, 2013, the district judge entered an order directing the clerk to send Plaintiff an amended complaint form. The order also stated: "By 7/10/13, defendants are to file an updated status report identifying, by name, date, and shift, the particular officers who worked in the unit where plaintiff was held on each of the dates listed in the amended complaint." (Doc. 50). In status reports filed in July 2013, Defendants identified by name all of the Cook County Sheriff employees who were potential witness who worked in Division 11 between March 18, 2011 and March 23, 2011. For each date, the status reports identified the employees who were working, their position, and their shift. (Doc. 52, 53).

The district judge held another status hearing on August 19, 2013, and entered an order directing the clerk to "immediately send plaintiff an amended complaint form for a section 1983 case for a plaintiff who is in custody." The order also stated that "defendants are directed to produce to plaintiff, within the next 10 days, the 'officers living unit logs' for August 19-22, 2011 for Jail Division XI, Living Unit DB, shifts 1 and 2." (Doc. 55).

On September 23, 2013, the court received Plaintiff's Third Amended Complaint, naming Sheriff Dart and unit officer Collins as Defendants along with five new individuals: Coglianese, Allen, Phipps, Primous and Stewart. (Doc. 58). Plaintiff alleged that "[f]rom 3/18/11 until 3/22/11 I reported my pain to each c/o on 1st & 2nd shift." He further alleged that the Defendants (except Dart) "are the specific names of the officers who worked this (2) shifts from or on one of these dates of 3/18/11 until 3/22/11." (*Id.*). The district judge determined that Plaintiff could proceed against the new Defendants identified in the Third Amended Complaint, and requested that summonses for service be issued to them. (Doc. 59). The complaint was officially filed on October 16, 2013. (Doc. 60).

On December 2, 2013, the new Defendants filed a joint motion to dismiss for failure to state a claim. (Doc. 72). Shortly thereafter, on December 27, 2013, the case was reassigned to this Court when the parties signed a joint consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff was then ordered to respond to the pending motion to dismiss by February 14, 2014. Since Plaintiff failed to receive notice of this due to his relocation to another institution, however, the date was extended to March 28, 2014.

On March 19, 2014, Plaintiff sent the Court the previously-described letter requesting appointment of counsel and expressing a desire to proceed with the case.

## DISCUSSION

### A. Motion to Dismiss and Statute of Limitations

In their motion to dismiss, the five new Defendants contend that the two-year limitations period for bringing the lawsuit against them expired prior to Plaintiff naming them in his September 2013 amended complaint, which was not officially filed until October 16, 2013. As a result, they assert that the claims against them are time-barred. (*See* Doc. 72, Motion to Dismiss). In support

4

of this argument, Defendants state that despite receiving the logs of potential defendants in September 2012, Plaintiff failed to name Allen, Coglianese, Phipps, Primous and Stewart as Defendants until he filed this Third Amended Complaint on October 16, 2013. They assert that this was over thirty-one months after the alleged failure to provide medical care and over seven months after the two-year statute of limitations expired. (Doc. 72, at 5).

Because Section 1983 does not contain an express statute of limitations, federal courts adopt the forum state's statute of limitations for personal injury claims, which in Illinois is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001). When borrowing the forum state's limitations period, the court also looks to that state's tolling rules, including any equitable tolling doctrines. *Id.*; *see also Malone v. Corrections Corp. of Am.*, 553 F.3d 540, 542 (7th Cir.2009). "Generally, the doctrine of equitable tolling permits a court to excuse a plaintiff's failure to comply with a statute of limitations where 'because of disability, irremediable lack of information, or other circumstances beyond his control,' the plaintiff cannot reasonably be expected to file suit on time." *Williams v. Board of Review*, 241 Ill.2d 352, 360, 948 N.E.2d 561, 567 (2011) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996)). At a minimum, equitable tolling requires a plaintiff to demonstrate due diligence with his efforts to learn the information necessary to file suit. *Williams*, 241 Ill. 2d at 372, 948 N.E.2d at 573.

In light of this case law, when Plaintiff responds to the motion to dismiss filed by the five Defendants added in September of 2013, he should state and present any documentation demonstrating when he first learned the identities of these Defendants. Plaintiff should also state and present any documentation showing when and how he attempted to learn these Defendants' names. If Plaintiff could have named these Defendants in the complaint sooner, Plaintiff may explain the reason for the delay. As was discussed previously, Defendants have included with their motion to dismiss two documents that appear to be copies of letters sent to Plaintiff that they say show the Officer's Living Unit Logs (bates-stamped SAO 001 - SAO 004) were mailed to Plaintiff in September 2012 and again in December 2012. (Doc. 72-1, at 2-3). If Plaintiff has any documentation or other basis for contesting this, he may provide it with the response. Plaintiff is given until May 2, 2014 to respond to Defendants' motion. Defendants' reply is due May 16, 2014.

Because the Court may not consider documents outside the pleadings when deciding a motion to dismiss under Rule 12(b)(6), the parties are advised that the Court will treat the motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Accordingly, as indicated above, the parties may submit all materials necessary to address the time-bar issue. The Court will not, however, require the parties to file a Statement of Material Facts that is normally required with a summary judgment motion under N.D. Ill Local Rule 56.1. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (a district court may forego the requirement that a Rule 56.1 Statement must accompany a motion for summary judgment).

**B.	Request for Attorney Representation**

As to Plaintiff's request for attorney representation, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). A court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When considering whether to recruit counsel, the court must first assess whether the litigant has made reasonable attempts to secure counsel, or if he has been effectively precluded from doing so. *Id.* If this requirement is met, the court then evaluates the complexity of the case and whether the plaintiff appears competent to litigate it himself. *Id.* at 654-55.

Plaintiff does not indicate that he attempted to secure counsel or that he was effectively precluded from doing so. *See generally* Doc. 86. Even if he has made such efforts, this case does not warrant recruitment of counsel for Plaintiff at this time. Though Plaintiff states he is ignorant as to how to respond to Defendants' motion, his pleadings and litigation of this case thus far demonstrate that he is very competent to represent himself: he has responded to all directions from the court; he has conducted discovery to learn the identities of parties; and he has submitted amended complaints naming additional parties and clearly stating his claims. Furthermore, the Court has provided guidance about the issues raised in Defendants' motion to dismiss and the type of information that the Plaintiff may provide in response. Accordingly, the Court denies without prejudice Plaintiff's request for counsel. *Romanelli*, 615 F.3d at 852-53; *Pruitt*, 503 F.3d at 654. The Court may revisit whether to recruit counsel at a later stage of this case.

## CONCLUSION

For the reasons stated above, Plaintiff's request for additional time to respond to Defendants' motion to dismiss is granted. Plaintiff has until May 9, 2014 to file his response. Defendants' reply is due May 23, 2014. Plaintiff's request for an attorney is denied without prejudice.

Date:	March 31, 2014	/s/ Magistrate Judge Sheila Finnegan